**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS CRUZ-VILLAGOMEZ, | No. 08-71184 |
| Petitioner, | Agency No. A078-673-213 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals and the
former Legalization Appeals Unit

Submitted August 10, 2010[**]

Before:      O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Nicolas Cruz-Villagomez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's decision denying his application for cancellation of removal,

and the former Legalization Appeals Unit's ("LAU") order dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the denial of his Special Agricultural Worker ("SAW") application. We have jurisdiction under 8 U.S.C. §§ 1160(e)(3) and 1252. We review for abuse of discretion the denial of a SAW application, *Perez-Martin v. Ashcroft*, 394 F.3d 752, 758 (9th Cir. 2005), and review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The LAU did not abuse its discretion in dismissing Cruz-Villagomez's SAW appeal where Cruz-Villagomez failed to provide the kind of evidence of qualifying employment sufficient to rebut the government's derogatory evidence. *See* 8 U.S.C. § 1160(b)(3)(B)(iii) (an applicant must provide sufficient evidence to show qualifying employment "as a matter of just and reasonable inference"); *see also Perez-Martin*, 394 F.3d at 759 (considering hearsay statements recorded in a government report). It follows that the LAU did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation). We need not consider whether the LAU erred by questioning the validity of the signature on the employer affidavit provided by Cruz-Villagomez.

In his opening brief, Cruz-Villagomez fails to address, and therefore has waived any challenge to, the agency's decision denying his application for

cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**